UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE No.: _____

HUMBERTO LUIS FUSTES MIJARES
and other similarly situated individuals,

        Plaintiff(s),

vs.

GEMINI SURFACES, INC. a/k/a J&S Holdings
Group Corporation f/k/a GEMINI TILE SERVICE, INC.
and MIGUEL BLANCO, individually,

        Defendants,
_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, HUMBERTO LUIS FUSTES MIJARES ("Fustes" or "Plaintiff") and other similarly situated individuals, sue the Defendants, GEMINI SURFACES, INC. a/k/a J&S Holdings Group Corporation f/k/a GEMINI TILE SERVICE, INC., and MIGUEL BLANCO, individually (collectively the "Defendants") and allege:

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Defendants, GEMINI SURFACES, INC. a/k/a J&S Holdings Group Corporation f/k/a GEMINI TILE SERVICE, INC. ("GEMINI"), and MIGUEL BLANCO ("BLANCO"), are a Florida Profit corporation and a Florida resident, respectively, having their main place of

business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade County, Florida.

### COUNT I: WAGE AND HOUR VIOLATION BY *GEMINI*

5. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. This action is brought by Plaintiff and those similarly situated to recover from GEMINI unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). GEMINI is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, GEMINI operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and GEMINI obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of GEMINI was at all times material hereto in excess of $500,000 per

annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

8. By reason of the foregoing, the GEMINI is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for GEMINI. GEMINI's business activities involve those to which the Act applies. GEMINI is an import/export business and, through its business activity, affects interstate commerce. The Plaintiff's work for GEMINI likewise affects interstate commerce. Plaintiff was employed by GEMINI as a construction worker for GEMINI's business.

9. While employed by GEMINI, Plaintiff worked at least an average of 75 (seventy-five) hours per week without being compensated at the rate of not less than one and one half times the regular rate for all hours in excess of 40 per week. In addition, Plaintiff was not paid at all for four (4) weeks of employment. Plaintiff was employed as a construction worker performing the same or similar duties as that of those other similarly situated construction workers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

10. Plaintiff was paid $500.00 per week from on or about January 2, 2013 through April 30, 2013, but has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint. Plaintiff also seeks to recover unpaid wages for four (4) weeks of employment.

11.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

<u>April 2013 (4 weeks)</u>
$7.79 x 40 = $311.60 x 4 (weeks) = $1,246.40
$7.79 x 1.5 x 35 (overtime hours) x 4 = $1,635.90
**Total: $2,882.30**

<u>January through March 2013 (12 weeks)</u>
What was paid (subject to discovery): $500 x 12 = $6,000
What should have been paid:
    $7.79 x 40 x 12 = $3,739.20
    $7.79 x 1.5 x 35 x 12 = $4,907.70
    $3,739.20 + $4,907.70 = $8,646.90
    $8,646.90 - $6,000.00 = **$2,646.90**

Thus owed: $2,646.90 (Jan-March wages) + $2,882.30 (April wages) = $5,529.20 x 2 (liquidated damages) = **$11,058.40**

**<u>TOTAL DAMAGES: $11,058.40</u> plus reasonable attorneys' fees and costs of suit.**

12.     At all times material hereto, GEMINI failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the GEMINI to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of GEMINI who are and who were subject to the unlawful payroll practices and procedures of GEMINI and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

13. GEMINI knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with GEMINI as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. GEMINI never posted any notice, as required by the Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

14. GEMINI willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with GEMINI as set forth above.

15. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the GEMINI on the basis of GEMINI's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY *BLANCO*

16.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17.     At the times mentioned, BLANCO was, and is now, the Director and/or owner of GEMINI. BLANCO was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that this individual defendant acted directly in the interests of GEMINI in relation to the employees of GEMINI, including Plaintiff and others similarly situated. BLANCO had operational control of GEMINI, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

18.     BLANCO willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with GEMINI as set forth above.

19.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against BLANCO on the basis of BLANCO's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201

et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: October 9, 2014.

                                                Respectfully submitted,

                                                By:  /s/ R. Martin Saenz
                                                R. Martin Saenz, Esquire
                                                Fla. Bar No.: 0640166
                                                Email: msaenz@saenzanderson.com
                                                SAENZ & ANDERSON, PLLC
                                                20900 NE 30th Avenue, Ste. 800
                                                Aventura, Florida 33180
                                                Telephone: (305) 503-5131
                                                Facsimile:  (888) 270-5549
                                                Attorneys for Plaintiff